UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

------------------------------------------------
In re:

Reichel Foods, Inc.

Bankruptcy No.26-33690
Chapter 11

Debtor.
------------------------------------------------

**NOTICE OF HEARING AND MOTION FOR AN ORDER (1) AUTHORIZING DEBTOR TO PAY PREPETITION WAGES, SALARIES AND EMPLOYEE BENEFITS; (2) AUTHORIZING DEBTOR TO CONTINUE THE MAINTENANCE OF EMPLOYEE BENEFIT PROGRAMS; (3) DIRECTING ALL BANKS TO HONOR PREPETITION PAYMENTS OF EMPLOYEE OBLIGATIONS; AND (4) FOR EXPEDITED RELIEF**

---

TO: Entities Specified in Local Rule 9013-3.

1. Reichel Foods, Inc.(“Debtor”), by and through its undersigned counsel, moves the Court for the relief requested below (the “Motion”) and gives notice of hearing.

HEARING

1. The Court (The Honorable Mychal Bruggeman) will hold a hearing on the First Day Motions including this motion via Webex on Thursday, November 12, 2026 at 2:15 p.m. THE HEARING MAY BE CONTINUED BY THE COURT AT THE TIME OF THE HEARING WITHOUT ADDITIONAL NOTICE.

2. Per local rule, any response to the preliminary motion must be filed and served no later than two hours prior to the hearing.

3. This Court has jurisdiction over this motion under 28 U.S.C. §§ 157 and

1334, Bankruptcy Rule 5005 and Local Rule 1070-1. This proceeding is a core proceeding. The petition commencing this case was filed on November 6, 2026 (the "Petition Date"). This case is now pending before this Court.

4. This motion arises under 11 U.S.C. § § 363(b) and (c), and 507(a)(4) and (a)(5). This motion is filed under Bankruptcy Rule 9014 and Local Rules 9013-1 through 9013-3.

5. The Debtor requests an order authorizing payment of prepetition employee obligations.

6. On the Petition Date, Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code"). Pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code, Debtor continues to operate its businesses and manage its affairs as debtor in possession.

7. No trustee, examiner, or committee has been appointed in this case.

8. Pursuant to Local Rule 9013-2(a), this Motion is accompanied by a memorandum of law, proposed order, and proof of service. Additionally, this Motion is supported by the Declaration of Craig Reichel pursuant to Local Rule 4001-2.

**HISTORY OF DEBTOR**

9. The President of the Debtor, Craig Reichel, has prepared a declaration in support of the First Day motions that is incorporated herein.

**EMPLOYEE OBLIGATIONS**

10. Debtor employs 60 full time and part time employees - "Employees." In addition, Debtor utilizes an additional 320 workers ("Workers") through a staffing agency, Employer Solutions Staffing Group II, LLC. This motion deals solely with the 60 Employees of Reichel Foods.

11. Debtor pays wages and salaries to its Employees on a bi-weekly basis. Debtor routinely withholds from Employee paychecks amounts that Debtor is legally required to transmit to third parties. Examples of such withholdings include FICA, federal and state income taxes, and any mandatory withholdings for child support or other mandated withholdings. Debtor also provides its Employees and Workers paid time off benefits, health insurance benefits, dental benefits, vision benefits and provides a partial 401K match. Debtor allows for its employees and workers to cash out its PTO paid time off on an annual basis at a limit of 40 times the Employee's or Worker's hourly wage.
12. Debtor estimates that it owes approximately $197665.61 for unpaid wages for Employees accrued within the two weeks prior to the Petition Date and $223,391.00 in accrued and unpaid PTO. Exhibit A-1 to the Declaration of Craig Reichel shows those totals.
13. As of the Petition Date, no Employee is believed to be owed in excess of the $17,150 for prepetition wages and salaries and employer contributions to Employee benefit plans, the current limit under §§ 507(a)(4) and (a)(5).
14. Given the fact that no Employee is owed in excess of $17,150 for prepetition wages and benefits, Debtor believes that all of its Employees would be entitled to priority claims under § 507(a)(4), and that the importance of continued Employee morale and welfare and maintaining the overall well-being of Debtor's business for the benefit of Debtor's estates and creditors weigh strongly in favor of permitting the Debtor to pay prepetition wages, salaries, and benefits.
15. As is typical at many companies, Debtor pays for outside payroll services and administrators who facilitate the administration and maintenance of their books and records for the payment of wages, salaries, and Employee Benefits (the "Administrative Obligations). Debtor estimates that, as of the Petition Date, its Administrative Obligations

should not exceed $10,000. The cost to the Debtor to replace these services, the disruption to the Debtor's business, and the risk that Employees would needlessly suffer delays in receiving their wages and salaries, fully justify the necessity of having to timely honor the outstanding Administrative Obligations.

## RELIEF REQUESTED

16. By this Motion, Debtor requests that this Court enter an order:

    a. Authorizing Debtor to pay all Employee wages and salaried due as of Petition Date, in accordance with Debtor's prepetition practices up to the limits in §§ 507(a)(4) and (a)(5).

    b. Directing all banks to honor Debtor's check and automatic bank transfers for payment of the Employee Obligations, whether presented before or after the Petition Date, provided that sufficient funds are on deposit in the applicable accounts to cover such payments, and prohibiting banks from placing any holds on, or attempting to reverse, any automatic transfers to Employees' accounts for these payments.

17. If the Employee Obligations are not paid when due, the success of this Chapter 11 case will be put in jeopardy. Continued operations are, in large part, dependent upon Employee continuity, dedication, and performance. Any delay in paying such obligations would irreparably damage Debtor's relationship with its Employees at a time when performance and cooperation are critical. If Employees do not receive regular paychecks and the other benefits they are entitled to for their past services, and that they rely upon for their livelihood, it is likely Debtor will lose a significant number of Employees with little or no notice. If that were to occur, Debtor would be forced to cease operating.

18. Furthermore, Debtor submits that because the amounts Debtor is required to withhold from Employee payroll checks constitute "trust fund" taxes, the payment of such taxes

will not prejudice other creditors of these estates because the relevant taxing authorities would hold priority claims under § 507 with respect to such obligations. Accordingly, continuation of such deductions will not diminish the estates or otherwise prejudice creditors.

19. Debtor submits that the amounts to be paid to the Employees pursuant to this Motion are reasonable compared with the importance and necessity of preserving Employee loyalty and morale, and with the difficulties and losses Debtor likely will suffer if these amounts are not paid.

20. This Motion shall not be deemed an assumption or adoption of any policy, plan, program, or employment agreement pursuant to § 365. Debtor is in the process of reviewing these matters, and reserve all of their rights under the Bankruptcy Code with respect thereto.

21. This Motion is accompanied by a Memorandum of Law incorporated herein by reference.

## EXPEDITED RELIEF

22. In order to operate in the ordinary course, preserve the going concern value of its operations and avoid immediate and irreparable harm the Debtor must have immediate authority to pay prepetition Employee obligations. There is good cause to consider the preliminary relief on an expedited basis.

23. The Debtor may offer additional evidence in support of this Motion, including the testimony of Craig Reichel or other Employees of the Debtor, if such is necessary in connection with this Motion.

**WHEREFORE**, the Debtor moves the Court for an order:

A. substantially in the form of the proposed order attached hereto; and

B. granting such other relief as is just and equitable.

Respectfully submitted,

Dated: November 6, 2026

*/e/ Kenneth C. Edstrom*

Kenneth C. Edstrom (148696)
Alexander J. Beeby (398286)
Sapientia Law Group
120 South Sixth Street, Suite 100
Minneapolis, MN 55402
612-756-7100
kene@sapientialaw.com
alexb@sapientialaw.com

***Attorneys for Debtor***

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

---

In re: Reichel Foods, Inc. Bky File No. 26-______
Chapter 11

Debtor.

---

## MEMORANDUM OF LAW

---

This memorandum of law is submitted in support of the *Motion for an Order (1) Authorizing Debtor to Pay Prepetition Wages, Salaries and Employee Benefits; (2) Authorizing Debtor to Continue the Maintenance of Employee Benefit Programs; (3) Directing all Banks to Honor Prepetition Payments of Employee Obligations; and (4) for Expedited Relief* filed by Early Years Academy, Inc. ("Debtor").

## FACTS

The factual basis for this memorandum is set forth in the Motion and Declaration of the President of the Debtor and those allegations are incorporated herein. All capitalized terms not defined herein have the meaning ascribed in the Motion.

## LEGAL ARGUMENT

Debtor requests an expedited hearing on the Motion. Bankruptcy Rule 9006(c) requires a showing of cause in order to reduce the notice required for a hearing on this Motion. There is cause here to reduce notice of hearing on this Motion. Continued operations are, in large part, dependent upon Employee continuity, dedication, and performance. Any delay in paying Employee Obligations would irreparably damage Debtor's relationship with their Employees at a time when performance

and cooperation are critical. Thus, if the Employee Obligations are not paid when due, the success of this case will be seriously jeopardized.

11 U.S.C. § 105(a) grants broad authority to a court to enforce the provisions of the Bankruptcy Code under equitable common law doctrines. 11 U.S.C. § 105(a) provides:

> The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

Pursuant to §§ 507(a)(4) and 507(a)(5), a debtor's Employees' claims for "wages, salaries, or commissions, including vacation, severance, and sick leave pay: earned within 180 days before the petition date, and claims against the debtor for contribution to Employee benefit plans arising from services rendered within 180 days of the petition date, are afforded priority status to the extent of $17,150 per Employee. All of Debtor's Employees are owed amounts that are less than the $157,150 limit contained in § 507(a)(4). Accordingly, the amounts owed under the benefit plans fall within the priority contained in § 507(a)(5).

In order to retain its Employees and maintain morale in a time of concern and anxiety for the Employees, Debtor must have authority to pay all Employee Obligations as summarized in the Motion. The amounts to be paid to Employees pursuant to this Motion are reasonable compared with the importance and necessity of the Employees and the losses Debtor will likely suffer if these amounts are not paid.

Finally, the relief requested will also significantly reduce the administrative burden that might otherwise be imposed in these cases. For Debtor to identify whether and to what extent individual Employees hold priority or general unsecured claims for Employee benefits, and modify benefit policies to enforce these distinctions, would impose extensive burdens of administration and expenses which are unwarranted under the circumstances.

The Employees are vital to the continued operation of Debtor's businesses and to their efforts to successfully reorganize. Accordingly, Debtor submits that the relief sought herein is consonant with §§ 105(a) and 507(a). Moreover, Debtor's payment of the Employee Obligations should neither prejudice general unsecured creditors nor materially affect Debtor's estates because §§ 507(a)(4) and (a)(5) priority claims are already entitled to payment in full pursuant to § 1129(a)(9)(B).

This Court may exercise its discretionary powers under § 105(a) and grant the relief requested herein if the Court determines that such payments are in the best interest of creditors. See *In re Gulf Air*, *Inc.*, 112 B.R. 152 (Bankr. W.D. La. 1989) (authorizing payment of certain prepetition Employee related expenses including wages, salary, and Employee benefits); *In re Ionosphere Clubs, Inc.*, 98 B.R. 174, 175-76 (Bankr. S.D.N.Y. 1989) (authorizing payment of prepetition wages and benefits beyond § 507(a)(3) [now (a)(4)] limit); *In re Chauteagay Corp.*, 80 B.R. 279, 285 (S.D.N.Y. 1987) (affirming bankruptcy court order authorizing payment of certain pre-petition wages and salaries, expense reimbursements and Employee benefits).

## CONCLUSION

For the foregoing reasons, Debtor respectfully requests that this Court enter an order:

a. substantially in the form of the proposed order; and

b. granting such other and additional relief as the Court deems just and appropriate.

Respectfully submitted,

Dated: November 6, 2026

/e/ *Kenneth C. Edstrom*

Kenneth C. Edstrom (148696)
Alexander J. Beeby (398286)
Sapientia Law Group
120 South Sixth Street, Suite 100
Minneapolis, MN 55402
612-756-7100
kene@sapientialaw.com
alexb@sapientialaw.com
**Attorneys for Debtor**

# DECLARATION OF SERVICE

Kenneth C. Edstrom declares under penalty of perjury that on November 6, 2026 he served the following documents electronically with the Clerk of Court through ECF, and that a copy of the above-referenced document will be delivered to the people who are Filing Users, by automatic e-mail notification pursuant to the Electronic Case Filing System and this notice constitutes service or notice pursuant to Local Rule 9006-l(a).

He further declares under penalty of perjury that he has provided the following documents to certificateofservice.com to be served upon the matrix who will file and serve their own certificate of service in connection with this motion:

1 Notice of Expedited Motion and Motion for an Order (1) Authorizing Debtor to Pay Prepetition Wages, Salaries and Employee Benefits; (2) Authorizing Debtor to Continue the Maintenance of Employee Benefit Programs; (3) Directing all Banks to Honor Prepetition Payments of Employee Obligations; and (4) for Expedited Relief
2 Memorandum of Law in Support of Motion
3 Declaration of Service
4 Proposed Order

Dated: November 6, 2026 /e *Kenneth C. Edstrom*

**UNITED STATES BANKRUPTCY COURT DISTRICT OF MINNESOTA**

---

In re: Reichel Foods, Inc. Bky File No. 26-33690
Chapter 11

Debtor.

---

**ORDER (1) AUTHORIZING DEBTOR TO PAY PREPETITION WAGES, SALARIES; (2) AUTHORIZING DEBTOR TO CONTINUE THE MAINTENANCE OF EMPLOYEE BENEFIT PROGRAMS; (3) DIRECTING ALL BANKS TO HONOR PREPETITION PAYMENTS OF EMPLOYEE OBLIGATIONS; AND (4) GRANTING EXPEDITED RELIEF**

---

Debtor's *Motion for an Order (1) authorizing Debtor to pay prepetition wages, salaries, and Employee benefits; (2) authorizing Debtor to continue the maintenance of Employee benefit programs; (3) directing all banks to honor prepetition payments of Employee obligations; and (4) for expedited relief* (the "Motion") came on for hearing before the undersigned on June 27, 2026.

Based on the arguments of counsel, all of the files, records, and proceedings herein, the Court being fully advised in the premises:

IT IS HEREBY ORDERED:

1. Debtor's request for expedited relief is GRANTED.

2. The Motion is GRANTED in all respects and Debtor is authorized to pay all wages and salaries due as of the Petition Date as limited by the Cash Collateral order entered contemporaneously with this Order.

3. All banks and other financial institutions on which checks related to the obligations described in the Motion are drawn are directed to receive, process, honor, and pay any and all such

checks or automatic bank transfers whether presented before or after the Petition Date, provided that sufficient funds are on deposit in the applicable accounts to cover such payments.

4. Debtor may pay any and all withholdings, including Employer Payroll Tax Obligations, and other types of withholdings with respect to the Employee Obligations, as those terms are defined in the motion, whether these relate to the period prior to the Petition Date or after the Petition Date.

5. Any party receiving payment from Debtor is authorized and directed to rely upon Debtor's representations as to which payments are authorized by this Order.

6. This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: ____________, 2026

_______________________________________

Mychal Bruggeman
UNITED STATES BANKRUPTCY JUDGE